UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN CARTER,<br><br>Plaintiff,<br><br>v.<br><br>GOLDEN GATE FREIGHTLINER INC,<br><br>Defendant. | Case No. 19-cv-02034-JSC<br><br>**ORDER RE: DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 24 |

Stephen Carter sued his former employer Golden Gate Freightliner, Inc. in California state court, alleging wage and hour violations under California state law and violation of the Fair Labor and Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* (Dkt. No. 1, Ex. A at 9.)[1] Defendant timely removed the action to this Court pursuant to 28 U.S.C. §§ 1331, 1446(b). (Dkt. No. 1 at 2.) Now before the Court is Defendant's motion for partial summary judgment.[2] (Dkt. No. 24.) After careful consideration of the parties' briefing and having had the benefit of oral argument on November 7, 2019, the Court GRANTS in part and DENIES in part Defendant's motion.

## BACKGROUND

### I. Factual Background

The following facts are not in dispute. Plaintiff worked for Defendant as a service writer from February 1997 until his termination on September 18, 2017. (Dkt. No. 24-3 at ¶ 2; *see also* Dkt. No. 25-2 at ¶ 2.) Plaintiff's "primary duties were to provide customer service, tracking vehicle repairs, data entry, and other clerical work." (Dkt. No. 1, Ex. A at 11 ¶ 8.) Prior to his termination, Plaintiff was paid every two weeks as a nonexempt hourly employee. (Dkt. No. 24-7 at ¶¶ 5-6; *see also* Dkt. No. 25-1, Ex. C at 27 (letter to California Labor and Workforce

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the material in the ECF-generated page numbers at the top of the documents.
[2] Both parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). (*See* Dkt. Nos. 6 & 11.)

Development Agency ("LWDA") asserting that Defendant converted Plaintiff's employment status to nonexempt "[i]n approximately 2015 or 2016").) "Plaintiff and other aggrieved employees frequently worked in excess of eight hours in a workday and forty hours in a workweek." (Dkt. No. 1, Ex. A at 11 ¶ 9.)

Plaintiff received his final paychecks on September 18, 2017 for wages earned through that date and unused vacation for 2016 and 2017. (Dkt. No. 24-7 at ¶ 2; *see also* Dkt. No. 24-6, Ex. 4 at 1.) At the time of his termination, "the normal pay date for the last pay period in which [Plaintiff] worked" was September 27, 2017. (Dkt. No. 24-7 at ¶ 6.) Plaintiff endorsed and cashed his final paychecks and the funds cleared Defendant's bank account on September 19, 2017. (Dkt. Nos. 27-7 at ¶ 7 & 24-8, Ex. 6 at 3, 5.) Plaintiff received no other payments from Defendant after September 18, 2017. (Dkt. No. 24-7 at ¶ 8; *see also* Dkt. No. 25-2 at ¶ 3.) Plaintiff's counsel requested and received Plaintiff's itemized wage statements for his final paychecks in the summer of 2018, in connection with this litigation. (Dkt. No. 25-1 at ¶¶ 5-6; *see also* Dkt. No. 25-2, Ex. A.)

## II. Procedural History

On November 30, 2018, Plaintiff filed a complaint against Defendant in the Superior Court of California, County of Alameda, asserting the following claims: (1) failure to pay overtime in violation of California Labor Code ("Labor Code") § 510; (2) failure to pay overtime in violation of the FLSA, 29 U.S.C. § 207; (3) failure to timely pay wages in violation of Labor Code § 204; (4) failure to furnish complete and accurate itemized wage statements in violation of Labor Code §§ 226(a), 226.3; (5) failure to pay all wages upon termination in violation of Labor Code §§ 201, 202; (6) violation of California's unfair competition law ("UCL"), Business & Professions Code §§ 17200 *et seq*. (Dkt. No. 1, Ex. A.) Counts I, III, and IV are brought pursuant to California's Private Attorneys General Act of 2004 ("PAGA"), Labor Code §§ 2698 *et seq*.[3]

Defendant removed the action to this Court pursuant to 28 U.S.C. §§ 1331, 1446(b). (Dkt.

---

[3] It is undisputed that in May 2018, Plaintiff submitted written notice of his claims to the LWDA and Defendant, as required under the PAGA, Cal. Lab. Code § 2699.3(a). (Dkt. No. 25-1 at ¶ 3; *see also id.*, Ex. C.)

2

1  No. 1 at 2.) Defendant filed the instant motion for partial summary judgment on September 25,
2  2019. (Dkt. No. 24.) The motion is fully briefed, (*see* Dkt. Nos. 25 & 26), and the Court heard
3  oral argument on November 7, 2019.

**DISCUSSION**

On summary judgment, the movant must demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). If the movant meets its initial responsibility of demonstrating through evidence the absence of a genuine dispute of material fact, the burden shifts to the opposing party to produce evidence in rebuttal that such a dispute actually exists. *See Scott v. Harris*, 550 U.S. 372, 380 (2007). "In ruling on a motion for summary judgment, [t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Tolan v. Cotton*, 572 U.S. 650, 651 (2014) (alteration in original) (internal quotation marks and citation omitted).

Defendant moves for summary judgment on Plaintiff's PAGA claims for failure to pay overtime (Count I), failure to pay timely wages (Count III), and failure to provide accurate wage statements (Count IV). Defendant also moves for summary judgment on Plaintiff's UCL claim (Count VI) to the extent it seeks to recover penalties. The Court addresses each claim in turn.

**I.  PAGA Claims**

The PAGA "empowers employees to sue on behalf of themselves and other aggrieved employees to recover civil penalties previously recoverable only by the [California] Labor Commissioner." *ZB, N.A. v. Super. Ct.*, 8 Cal. 5th 175, 184-85 (2019). As the California Supreme Court has explained:

> All PAGA claims are "representative" actions in the sense that they are brought on the state's behalf. The employee acts as "the proxy or agent of the state's labor law enforcement agencies" and "represents the same legal right and interest as" those agencies — "namely, recovery of civil penalties that otherwise would have been assessed and collected by the Labor Workforce Development Agency." The employee may therefore seek any civil penalties the state can, including penalties for violations involving employees other than the PAGA litigant [him]self.

*Id.* at 185. The civil penalties recoverable under the PAGA are for a fixed amount do not include the amount of unpaid wages. *Id.* at 193 (holding that "unpaid wages are not recoverable as civil

3

penalties under the PAGA").

### A. Count I

Plaintiff's claim under Count I alleges a failure to pay overtime wages in violation of Labor Code § 510 and seeks relief under Labor Code § 558 pursuant to the PAGA. (Dkt. No. 1, Ex. A at 15 ¶¶ 23-27.) Defendant moves for summary judgment on Count I because: (1) the claim seeks a form of relief unavailable under the PAGA; and (2) the claim is barred by the applicable statute of limitations.

#### 1. Plaintiff Cannot Recover Unpaid Wages Under PAGA

Labor Code section 558 "lacks a private right of action"; thus, "[a]n aggrieved employee can make use of section 558's remedy . . . only through a PAGA action." *ZB*, 8 Cal. 5th at 188. Further, the PAGA "does not authorize employees to collect section 558's unpaid wages through a PAGA action." *Id.* Here, Plaintiff's prayer for relief as to Count I seeks to recover, in pertinent part, "unpaid wages, prejudgment interest, reasonable attorney's fees and costs of suit under Labor Code §§ 218.5, 1194(a), 2699(g)." (Dkt. No. 1, Ex. A at 22.)

Defendant asserts that Count I is barred to the extent it seeks recovery of unpaid overtime because "PAGA claims only apply to fixed civil penalties, not claims for unpaid wages." (Dkt. No. 24-1 at 8 (citing *ZB*, 8 Cal. 5th at 197).) Plaintiff concedes that unpaid wages are not recoverable pursuant to section 558 under the PAGA, (Dkt. No. 25 at 2 (citing *ZB*, 8 Cal. 5th at 193)), but asks the Court to allow him to amend the complaint and "strike the unpaid wage allegations from his request for PAGA penalties." (Dkt. No. 25 at 2 (citing *ZB*, 8 Cal. 5th at 182).) Plaintiff asserts that Count I is not barred in its entirety because the claim also alleges "individual damages as well as PAGA penalties." (*Id.*) Indeed, Count I alleges, in pertinent part:

> Plaintiff has been injured and requests relief. Plaintiff ***also*** requests civil penalties, attorney's fees, and costs recoverable in a civil action brought by an aggrieved employee on behalf of [him]self and, as a proxy for the LWDA, on behalf of Defendant['s] other current and former employees.

(Dkt. No. 1, Ex. A at 15 ¶ 27 (emphasis added).) Plaintiff further notes that the prayer for relief as to Count I seeks "unpaid wages" in part under Labor Code § 1194(a), which provides an individual, private right of action to recover unpaid wages. *See* Cal. Lab. Code § 1194(a); *see also*

4

*ZB*, 8 Cal. 5th at 187-88 ("Pursuing civil penalties [under the PAGA] does not prevent an employee from separately or concurrently pursuing unpaid wages and other remedies already available to h[im].").

Count I, however, is currently pleaded as a PAGA claim that "alleges entitlement to relief [Plaintiff] cannot seek because [ ]he lacks a cause of action: an amount for unpaid wages *under section 558*." *See ZB*, 8 Cal. 5th at 198. In other words, Plaintiff must bring an individual claim under section 1194 to recover unpaid wages as a separate count, he cannot shoehorn that claim into a representative action under the PAGA. At oral argument the parties agreed to allow Plaintiff leave to amend Count I to properly assert an individual action under section 1194(a).

Accordingly, the Court grants summary judgment on Count I in favor of Defendant to the extent the PAGA claim seeks to recover unpaid wages because such recovery is unavailable as a matter of law.

### 2. The Claim is Barred by the Statute of Limitations

Defendant next argues that to the extent Count I seeks civil penalties under the PAGA for overtime violations, the claim is barred by the applicable statute of limitations. California law imposes a one-year statute of limitations for "[a]n action upon a statute for a penalty," Cal. Code Civ. Proc. § 340(a), and the one-year statute of limitations applies to PAGA claims, *see, e.g.*, *Brown v. Ralphs Grocery Co.*, 28 Cal. App. 5th 824, 839 (2018); *Thomas v. Home Depot USA Inc.*, 527 F. Supp. 2d 1003, 1008 (N.D. Cal. 2007). PAGA provides for a tolling period of up to 65 days after an aggrieved employee files notice with the LWDA to allow for exhaustion of administrative remedies. Cal. Lab. Code § 2699.3(a)(2)(A), (d); *see also Tavares v. Cargill Inc.*, No. 1:18-cv-00792-DAD-SKO, 2019 WL 2918061, at *9 (E.D. Cal. July 8, 2019) (recognizing that plaintiffs can file PAGA claims "one year and sixty-five days after the violation") (collecting cases). California law is settled that a statute of limitations begins to run when a cause of action accrues, "that is, when the cause is complete with all of its elements." *See Pineda v. Bank of Am., N.A.*, 50 Cal. 4th 1389, 1397 (2010) (internal quotation marks and citation omitted).

The parties do not dispute that the one-year limitations period applies to Plaintiff's PAGA claim; instead, they dispute *when* Plaintiff's claim accrued for purposes of the statute of

limitations. Defendant argues that the 430-day limitations period (one year and sixty-five days) began running on Count I (and the other PAGA claims) upon Plaintiff's termination and that Plaintiff was thus required to file his complaint by November 22, 2018. Plaintiff's opposition counters that "Defendant incorrectly assumes that the date of the accrual of the claim is the last day of employment"; however, Plaintiff provides no argument as to when the claim would otherwise accrue.

Because the Count I PAGA claim is premised on a failure to pay overtime wages, the relevant question is when a cause of action for failure to pay overtime wages accrues. As the California Supreme Court has explained:

> A cause of action for unpaid wages accrues when the wages first become legally due, i.e., on the regular payday for the pay period in which the employee performed the work; when the work is continuing and the employee is therefore paid periodically (e.g., weekly or monthly) a separate and distinct cause of action accrues on each payday, triggering on each occasion the running of a new period of limitations.

*Van v. Language Line Servs., Inc.*, (quoting *Cuadra Millan*, 17 Cal. 4th 855, 859 (1998), *disapproved on other grounds in Samuels v. Mix*, 22 Cal. 4th 1, 16 n.4 (1999). But when an employee is terminated, "the wages earned and unpaid at the time of discharge are due and payable immediately." Cal. Lab. Code § 201(a); *see also Schachter v. Citigroup, Inc.*, 47 Cal. 4th 610, 618 (2009) ("We construe the term 'wages' broadly to include not only the periodic monetary earnings of the employee but also the other benefits to which he is entitled as a part of his compensation.") (internal quotation marks and citation omitted). Thus, the latest Plaintiff's claim for unpaid overtime accrued was at the time he was terminated and received his final paychecks on September 18, 2017 because that is when such payment was legally due.

State and federal caselaw on this issue supports using the date of termination as the starting point for the PAGA limitations period. *See, e.g., Brown*, 28 Cal. App. 5th at 839 (noting that date of termination was operative date "to timely pursue PAGA claims for alleged violations occurring during her employment or upon her discharge"); *Rincon v. W. Coast Tomato Growers, LLC*, No. 13-cv-2473 W (KSC), 2015 WL 13828593, at *3 (S.D. Cal. Apr. 30, 2015) (finding plaintiffs' PAGA claims time-barred based on plaintiffs' termination dates); *Sulu v. Coca Cola Enter. Inc.*,

No. 2:11-cv-08385-SVW (VBKx), 2011 WL 13112254, at *6 (C.D. Cal. Dec. 22, 2011) (same); *Priddy v. Lane Bryant, Inc.*, No. C 08-5377 JL, 2010 WL 11597965, at *4 (N.D. Cal. Oct. 29, 2010) ("Generally, the termination date is considered the date that the alleged wrongful act was committed, which serves as the date when the statute of limitations starts to run."); *Baas v. Dollar Tree Stores, Inc.*, No. C 07-03108 JSW, 2009 WL 1765759, at *5 (N.D. Cal. June 18, 2009) (applying date of termination to determine limitations period); *Casarez v. Gen. Nutrition Ctrs.*, No. SACV 07-875 JVS (AGRx), 2009 WL 10669661, at *11 (C.D. Cal. Apr. 28, 2009) (same); *Thomas*, 527 F. Supp. 2d at 1008 (same). Using the termination date as the starting point for the statute of limitations makes sense, and more importantly, Plaintiff presents no countervailing authority where a court has held that the limitations period for unpaid wages began running *after* an employee was terminated.

It is undisputed that Plaintiff was terminated on September 18, 2017 and that he filed his complaint in this action over 430 days after that date. Every reasonable trier of fact would therefore have to find that Plaintiff's overtime PAGA claim was filed too late. Defendant has met its burden on summary judgment and established that Count I is time-barred.

\*\*\*

Accordingly, the Court grants summary judgment in favor of Defendant on Count I to the extent it asserts a PAGA claim because it seeks relief that is unavailable as a matter of law and it is undisputed that Plaintiff filed his complaint over 430 days after his termination, which falls outside the applicable statute of limitations. As discussed at oral argument, Plaintiff is granted leave to amend Count I to properly plead an individual action under section 1194(a).

**B.     Count III**

Plaintiff's PAGA claim under Count III alleges failure to timely pay wages in violation of Labor Code § 204. Section 204 provides, in pertinent part:

> All wages, other than those in Section 201, 201.3, 202, 204.1, or 204.2, earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays. Labor performed between the 1st and 15th days, inclusive, of any calendar month shall be paid for between the 16th and the 26th day of the month during which the labor was performed, and labor performed between the 16th and the last

7

> day, inclusive, of any calendar month, shall be paid for between the 1st and 10th day of the following month.

Cal. Lab. Code 204. Thus, employers must pay their employees at least twice a month.

Defendant asserts that summary judgment in its favor is warranted because: (1) there is no private right of action for violation of section 204; (2) Plaintiff's PAGA claim for civil penalties is barred by the statute of limitations; and (3) "payroll sheets from 2014-2017 show that he was paid at least twice monthly in compliance with Labor Code section 204." (Dkt. No. 24-1 at 9.) Plaintiff does not directly address Defendant's arguments regarding Count III, and the Court concludes that Defendant's last argument is dispositive.

In support of its motion, Defendant submits Plaintiff's quarterly "Employee Earnings Record[s]" covering October 1, 2014 through September 30, 2017. (*See* Dkt. No. 24-9, Ex. 7 at 1-13.) Defendant's Payroll Manager, Alice Gomes, attests that the copies reflect Plaintiff's payroll records. (*See* Dkt. No. 24-7 at ¶ 5.) The records demonstrate that Plaintiff was paid twice monthly, every two weeks. (*Id.*)

Plaintiff presents no evidence giving rise to a genuine dispute as to whether he was timely paid twice monthly in accordance with Labor Code § 204. Indeed, Plaintiff's opposition does not even address Count III or the evidence submitted by Defendant. Because Defendant has submitted evidence that it timely paid Plaintiff in accordance with the law, and Plaintiff fails to offer any evidence to create a genuine dispute of fact, summary judgment in Defendant's favor on Count III is warranted.

Accordingly, the Court grants Defendant's motion for summary judgment on Count III.

**C.     Count IV**

Plaintiff's PAGA claim under Count IV alleges violations of Labor Code §§ 226(a), 226.3 for failure to provide accurate itemized wage statements. Section 226(a) provides, in pertinent part:

> An employer, semimonthly or at the time of each payment of wages, shall furnish to his or her employee, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately if wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except as provided in subdivision (j), (3) the number of piece-rate units earned and any applicable piece rate if the

8

> employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

Cal. Lab. Code § 226(a). Section 226.3 subjects employers to civil penalties for violations of section 226. Cal. Lab. Code § 226.3.

Defendant asserts that Count IV is barred by the one-year statute of limitations applicable to PAGA claims because the claim accrued when Defendant terminated Plaintiff's employment and he received his final paycheck on September 18, 2017. Plaintiff counters that the earliest date that his "wage statement claim could have accrued was on the regular semimonthly date that Defendant distributed its wage statements"—September 27, 2017. (*Id.*) Plaintiff thus argues that his complaint falls within the statute of limitations because it was filed on November 30, 2018, one day prior to the deadline. (*Id.* at 4-5.)

The plain language of Section 226(a) supports Plaintiff's argument. It requires an employer to provide the wage statement at the time of payment of wages *or* semimonthly. *See Canales v. Wells Fargo Bank, N.A.*, 23 Cal. App. 5th 1262, 1269-72 (2018) (rejecting the plaintiff's argument that an employer violates section 226 if it does not provide an itemized wage statement at the time of termination). Since Defendant merely had to provide the wage statement semimonthly, that is, by September 27, 2017 as the record supports was its practice, the Court cannot hold as a matter of law that Plaintiff's PAGA claim for failure to provide accurate wage statements accrued at the termination of Plaintiff's employment.

Defendant's insistence that it provided Plaintiff with paystubs at the time it paid him his final wages is of no moment for purposes of summary judgment. Plaintiff attests that he did not receive paystubs with his final paychecks; specifically:

> On my last day of employment with the Defendant, I did not receive

9

> any wage statements or paystubs for my final paychecks. I did not
> receive my final wage statements until summer 2018 or after my
> attorney requested all of my wage statements from the Defendant.

(Dkt. No. 25-2 at ¶ 3.) On Defendant's motion for summary judgment, the Court must accept Plaintiff's version of the facts. *See Tolan*, 572 U.S. at 651 ("In ruling on a motion for summary judgment, [t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor.").

Accordingly, as California law required Defendant to provide Plaintiff with wage statements at the time of the payment of wages *or* semimonthly, and as the record supports a finding that semimonthly would have been September 27, 2017, Plaintiff's PAGA claim for failure to furnish itemized wage statements arguably did not accrue until September 27, 2017. Defendant has thus not proved that Count IV is untimely as a matter of law.

## II. UCL Claim (Count VI)

The UCL prohibits "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. To succeed on a UCL claim, a plaintiff must establish that the defendant engaged in an unlawful, unfair, or fraudulent business practice and that the plaintiff suffered actual injury as a result of that conduct. *Lee v. Pep Boys-Manny Moe & Jack of California*, 186 F. Supp. 3d 1014, 1030 (N.D. Cal. 2016). "A UCL action is equitable in nature; damages cannot be recovered." *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1144 (2003). Restitution and injunctive relief are generally the only remedies available under the UCL. *See Pineda*, 50 Cal. 4th at 1401-02 (holding that penalties for violation of Labor Code § 203 are not recoverable under the UCL).

Defendant moves for summary judgment on Count VI to the extent Plaintiff seeks to recover penalties under the UCL. Plaintiff's opposition briefing does not address Count VI. Plaintiff's lack of opposition is of no matter, however, because Count VI pointedly does *not* seek penalties and instead seeks only restitution. (*See* Dkt. No. 1, Ex. A at ¶¶ 52-58.) Defendant asserts that "all of Plaintiff's claims except for unpaid overtime [Count II] are for statutory penalties, which are not recoverable under [the UCL] because penalties, by definition, are not restitution." (Dkt. No. 24-1 at 11.) Again, however, Plaintiff's UCL claim does not seek statutory

or civil penalties.

Accordingly, the Court denies Defendant's motion for partial summary judgment as to Count VI.

## CONCLUSION

For the reasons set forth above, the Court grants in part and denies in part Defendant's motion for partial summary judgment. The Court grants summary judgment in favor of Defendant on Plaintiff's PAGA claims under Counts I and III. The Court denies summary judgment as to Counts IV and VI. Plaintiff is granted leave to amend only as to Count I and only to assert an individual action under Labor Code § 1194. The amended complaint must be consistent with this Order and filed within 10 days.

This Order disposes of Docket No. 22.

**IT IS SO ORDERED.**

Dated: November 8, 2019

JACQUELINE SCOTT CORLEY
United States Magistrate Judge